IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL C. RUFFIN,
    Petitioner,

vs.                                  Case No.: 4:05cv364/MMP/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      Now pending is Respondent's motion to dismiss (Doc. 14) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded to the motion to dismiss, arguing that he is entitled to federal habeas review under the "fundamental miscarriage of justice" exception to the time bar (Doc. 18).

      The procedural background as set forth by Respondent is undisputed. Following a jury trial in the Circuit Court in and for Leon County, Florida, Case No. 1997-CF-2605, Petitioner was found guilty of armed robbery with a firearm and two counts of kidnapping (Doc. 14, Ex. A-1). On March 3, 1999, he was sentenced as a habitual violent felony offender to concurrent terms of life imprisonment with minimum mandatory terms of fifteen years of incarceration on all counts (*id*., Ex. B-1, attached transcript of sentencing proceeding at 11-12). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA"). On January 21, 2000, the First DCA affirmed per curiam without opinion, with the mandate issuing February 8, 2000 (*id.*, Exs. A-2, A-3). Ruffin v. State, 751 So.2d 577 (Fla. 1st DCA Jan. 21, 2000) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

      While Petitioner's direct appeal was pending, he filed with the trial court a motion for post-conviction relief pursuant to Rule 3.850/3.800(a) of the Florida Rules of Criminal Procedure (Doc. 14, Ex. B-1). The trial court denied the motion on December 16, 1999 (*id*., Ex. B-2).

      On February 3, 2000, Petitioner filed a second Rule 3.850/3.800(a) motion with the trial court (*id*., Ex. B-3). The trial court denied the motion in a written decision rendered on June 7, 2000 (*id*., Ex. B-4).

On August 18, 2001, Petitioner filed a third post-conviction motion with the trial court (*id*., Ex. B-5). Following an evidentiary hearing, at which Petitioner was represented by counsel, the trial court denied the motion in a written decision rendered on November 3, 2003 (*id*., Ex. B-7). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on March 7, 2005, with the mandate issuing April 4, 2005 (*id*., Exs. B-8, B-9). Ruffin v. State, 896 So.2d 751 (Fla. 1st DCA Mar. 7, 2005).

While Petitioner's third post-conviction motion was pending in the trial court, he filed a petition for writ of habeas corpus with the trial court (Doc. 14, Ex. C-1). The trial denied the petition in a written ordered rendered on October 11, 2004 (*id*., Ex. C-2). Petitioner appealed the decision to the First DCA, but then filed a notice of voluntary dismissal (*id*., Exs. C-3, C-4). The First DCA dismissed the appeal on September 19, 2005 (*id*., Ex. C-4).

Petitioner filed the instant habeas action on September 23, 2005 (Doc. 1 at 6).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the appropriate statutory trigger for the statute of limitations is the date on which Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the

appellate court's decision.[1]  Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003).  In the instant case, the First DCA issued its decision affirming Petitioner's conviction on January 21, 2000.  Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court, thus, Petitioner's one-year limitations period began to run on April 21, 2000, upon expiration of the 90-day period for seeking certiorari review.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner's second Rule 3.850 motion was pending when his conviction became final,[2] therefore, the limitations period was tolled until July 7, 2000, upon expiration of the period for filing a direct appeal of the decision.  *See* Fla. R. App. P. 9.110(b) (notice of appeal in civil cases must be filed within 30 days of rendition of the order under review); Fla. R. App. P. 9.141(b)(1) (generally, appeals from post-conviction proceedings are governed by rules of appellate procedure in civil cases).  A period of four hundred seven (407) days elapsed until Petitioner filed his third state post-conviction motion on August 18, 2001; however, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired.  As Petitioner's third post-conviction motion and his subsequently filed state habeas petition were filed after expiration of the federal limitations period, those applications did not toll the limitations period.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Therefore, Petitioner's federal habeas petition, filed on September 23, 2005, was obviously untimely.

Petitioner concedes he has alleged no grounds for equitable tolling of the federal limitations period (*see* Doc. 18 at 1).  However, he contends he is entitled to federal review under the "fundamental miscarriage of justice" exception to the time bar (*id.*).  Petitioner claims that the evidence submitted at trial in support of the kidnapping charges was insufficient to satisfy the legal definition of kidnapping (*id.* at 3).

---

[1]The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion.  *See* Sup. Ct. R. 13.3.

[2]Petitioner's first Rule 3.850 motion was filed and disposed of during the pendency of his direct appeal; therefore, it did not toll the limitations period.

Case No.: 4:05cv364/MMP/EMT

The fundamental miscarriage of justice exception concerns a petitioner's "actual innocence rather than his legal innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002) (internal quotation and citation omitted). A habeas petitioner attempting to make a showing of actual innocence must raise "new facts" that cast "sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error." Schlup v. Delo, 513 U.S. 298, 317, 115 S.Ct. 851, 862, 130 L.Ed.2d 808 (1995). The Eleventh Circuit has interpreted this requirement as follows:

> In practical terms, this means that the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (quoting Schlup, 513 U.S. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986))).

In the instant case, Petitioner asserts his legal innocence of the kidnapping charges. He does not allege the existence of newly discovered evidence; indeed, he has not come forward with any new evidence in support of his petition. Therefore, to the extent that the fundamental miscarriage of justice exception applies to a time-barred petition, Petitioner has failed to demonstrate that he qualifies for the exception.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 14) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 27th day of March 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**